UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PGI POLYMER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHURCH & DWIGHT CO., INC., <br> KARMIN GROUP a/k/a Le GROUPE KARMIN, <br> KARMIN INDUSTRIES, <br> C&S WHOLESALE GROCERS, INC., and <br> BI-LO, LLC, <br><br> Defendants. | Civil Action No. 3:15-cv-00214 |

## COMPLAINT

Plaintiff PGI Polymer Inc. ("PGI Polymer"), for its Complaint against Defendants Church & Dwight Co., Inc. ("Church & Dwight"), Karmin Group a/k/a Le Groupe Karmin ("Karmin Group"), Karmin Industries ("Karmin Industries"), C&S Wholesale Grocers, Inc. ("C&S"), and BI-LO, LLC ("BI-LO"), pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, alleges as follows:

### Nature of the Action

1. This Complaint is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for violation of the North Carolina Unfair & Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, and for unfair competition and trademark infringement under applicable state law.

### Parties

2. Plaintiff PGI Polymer, Inc. is a Delaware corporation with a principal place of business at 9335 Harris Corners Parkway, Suite 300, Charlotte, NC 28269-3818.

1

3. Upon information and belief, Defendant Church & Dwight Co., Inc. is a Delaware corporation with a principal place of business at Princeton South Corporate Center, 500 Charles Ewing Boulevard, Ewing, NJ 08628. Church & Dwight may be served through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904.

4. Upon information and belief, Defendant Karmin Group, also known as Le Groupe Karmin, is a Québec corporation with a principal place of business at 1901 Autoroute Transcanadienne, Dorval, Québec H9P 1J1, Canada. Pursuant to the Hague Convention, Karmin Group may be served through the Central Authority for Québec, c/o Pierre-Luc Gagné, Direction des Services Professionnels, Entraide Internationale, Ministère de la Justice, 1200, Route de l'Église, 2e étage, Québec G1V 4M1, Canada.

5. Upon information and belief, Defendant Karmin Industries is a Québec corporation with a principal place of business at 1901 Autoroute Transcanadienne, Dorval, Québec H9P 1J1, Canada. Pursuant to the Hague Convention, Karmin Industries may be served through the Central Authority for Québec, c/o Pierre-Luc Gagné, Direction des Services Professionnels, Entraide Internationale, Ministère de la Justice, 1200, Route de l'Église, 2e étage, Québec G1V 4M1, Canada.

6. Upon information and belief, Defendant C&S Wholesale Grocers, Inc. is a New Hampshire corporation with a principal place of business at 7 Corporate Drive, Keene, NH 03431. C&S may be served through its registered agent, C T Corporation System, 9 Capitol Street, Concord, NH 03301.

7. Upon information and belief, Defendant BI-LO, LLC is a Delaware limited liability company with a principal place of business at 5050 Edgewood Court, Jacksonville, FL

32254. BI-LO may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this action upon the following grounds:

   a. 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

   b. 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating Commerce;

   c. 28 U.S.C. § 1338(a), this being a civil action arising under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

   d. 28 U.S.C. § 1338(b), this being a civil action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws;

   e. 28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391(a), (b), and (c).

## Background Facts Regarding Plaintiff and the Wavy Lines Mark

10. Since at least as early as March 1942 or prior to the earliest of the use of any "wavy lines" design for non-woven fabrics by any of the Defendants, Plaintiff and its predecessors-in-interest have used continuously in commerce in this country a trademark for non-woven fabrics consisting of a design made up of wavy lines continuously extending across the entire surface of the goods, the lines being of a color which is readily discernible against the background upon which the trademark appears (hereinafter, the "Wavy Lines Mark").

11. The design in its entirety is the essential feature of the mark, no particular color or combination of colors being significant in connection with non-woven textile fabrics.

12. A specimen of goods bearing the Wavy Lines Mark is depicted below:



13. Plaintiff has used the Wavy Lines Mark for over seventy years on non-woven fabrics, including reusable wipes, and has invested millions of dollars in creating, maintaining, and promoting the goodwill associated with the Wavy Lines Mark. Plaintiff markets and advertises its non-woven fabrics bearing the Wavy Lines Mark through a variety of channels and

4

means, including through direct sales, by regularly exhibiting and offering for sale goods at trade shows attended by members of the textiles industry, such as the National Restaurant Association Trade Show, and through catalogs, brochures, and the Internet.

14. The Wavy Lines Mark is favorably recognized and relied upon, such as within the restaurant industry and among the consumer public, as indicating high-quality non-woven fabrics. As a result of Plaintiff's extensive use, advertising and promotion of the Wavy Lines Mark, the Wavy Lines Mark has attained for Plaintiff substantial goodwill among the purchasing public.

15. Plaintiff and its related companies sell approximately $10 million per year of non-woven fabrics bearing the Wavy Lines Mark.

16. Through Plaintiff's related company, Chicopee, Inc. ("Chicopee"), Plaintiff sells non-woven fabrics bearing the Wavy Lines Mark in a variety of colors, including green-on-white, blue-on-white, red-on-white, and yellow-on-white, for sale to commercial customers. Chicopee sells those goods in product packaging bearing the Chix® trademark. Attached at Exhibit A hereto are depictions of Chix® products bearing the Wavy Lines Mark.

17. Through Chicopee, Plaintiff also sells non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue, for sale to retail customers. Chicopee sells those goods in product packaging bearing the MIRACLOTH trademark. Attached at Exhibit B hereto is a depiction of MIRACLOTH products bearing the Wavy Lines Mark.

18. Plaintiff also regularly sells large quantities of non-woven fabrics bearing the Wavy Lines Mark to third-parties who package, distribute, and sell the goods in conjunction with other marks. Plaintiff has earned significant revenue from this practice.

19. For example, Plaintiff sells non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue to its customer and authorized user, The Clorox Company. Clorox sells those goods in product packaging bearing the Handi Wipes® trademark. Attached at Exhibit C hereto are depictions of Handi Wipes® products bearing the Wavy Lines Mark.

20. In order to strengthen the Wavy Lines Mark, Plaintiff, through its predecessor-in-interest Johnson & Johnson, applied to register the Wavy Lines Mark with the U.S. Patent and Trademark Office (the "PTO") on June 21, 1972. The PTO approved the application and granted to Johnson & Johnson U.S. Reg. No. 1,175,550 for the Wavy Lines Mark on October 27, 1981, which mark and registration ultimately was assigned to Plaintiff (hereinafter, the '550 Registration). Attached at Exhibit D hereto is a true and correct copy of the certificate for the '550 Registration, available at the PTO website.

21. The '550 Registration is live, subsisting, unrevoked, uncanceled, and incontestable, having been registered and used continuously for more than five years, and constitutes conclusive evidence that the Wavy Lines Mark is registered and valid, and thus entitled to protection, that Plaintiff owns the Wavy Lines Mark, and that Plaintiff has the exclusive right to use the Mark in commerce. Attached at Exhibit E hereto is a true and correct copy of the PTO's acceptance of the Combined Declaration of Use and Incontestability under Sections 8 & 15 for the '550 Registration, available at the PTO website.

22. By virtue of Plaintiff's extensive use and federal registration of the Wavy Lines Mark, the Defendants are and have been on constructive notice, if not actual notice, of Plaintiff's rights in the Wavy Lines Mark since before their adoption and use of infringing "wavy lines" designs for non-woven fabrics.

23. Defendants have been using reproductions, counterfeits, copies and colorable imitations of Plaintiff's registered Wavy Lines Mark in North Carolina and elsewhere in this country, in connection with the advertising, marketing, offering for sale, sale, and distribution of non-woven fabrics bearing a "wavy lines" design and sold under the ARM & HAMMER® brand, as depicted below (hereinafter, the "Infringing Goods"):



24. On information and belief, Defendant Karmin Industries is a wholly-owned subsidiary of Defendant Karmin Group (hereinafter, collectively, the "Karmin Defendants").

25. On information and belief, the Karmin Defendants, or either of them, hold a license from Defendant Church & Dwight for use of the ARM & HAMMER® trademark, including the Infringing Goods. Attached at Exhibit F hereto is a true and correct copy of an excerpt of an ARM & HAMMER® brand product catalog available at the website at the <KARMINGROUP.COM> domain and depicting the Infringing Goods.

26. On information and belief, the Karmin Defendants, or either of them, and Defendant Church & Dwight exercise joint ownership of control over certain products advertised, marketed, offered for sale, sold, and distributed under the ARM & HAMMER® brand, including the Infringing Goods.

27. On information and belief, Defendant C&S has purchased from the Karmin Defendants, or either of them, the Infringing Goods for resale.

28. On information and belief, Defendant BI-LO has purchased from Defendant C&S, the Karmin Defendants, or any of them, the Infringing Goods for resale, which Infringing Goods Defendant BI-LO has sold to consumers.

29. Defendants' use of a "wavy lines" design on the Infringing Goods is a spurious mark that is identical with, or substantially indistinguishable from, Plaintiff's registered Wavy Lines Mark and is done in a manner which is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers and with the intent to infringe Plaintiff's rights.

30. Based on a comparison of Plaintiff's specimen bearing the registered Wavy Line Mark as set forth in paragraph 12 and Defendants' Infringing Goods bearing a "wavy line" design as set forth in paragraph 23, the identical nature, or overwhelming similarity, of the goods shows that Defendants have produced counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, Plaintiff's non-woven fabrics bearing the Wavy Lines Mark.

31. Defendants' use of a "wavy lines" design on the Infringing Goods is without license, consent, authorization, or permission from Plaintiff.

32. On information and belief, the significant majority of Defendants' clientele is comprised of retailers and retail consumers. Plaintiff's Wavy Lines Mark also is targeted predominantly to retailers, and ultimately to end-user consumers, such that the Defendants' use in that market channel enhances, rather than detracts, from the likelihood of confusion.

33. By marketing, advertising, offering for sale, selling, and distributing the Infringing Goods, the Defendants intentionally have violated Plaintiff's rights in and to the Wavy Lines Mark and the related registration, and with the knowledge and intention that the use in

8

commerce would cause and is causing confusion, mistake and deception among consumers and potential consumers.

34. Defendants also, in connection with the marketing, advertising, offering for sale, sale and distribution of the Infringing Goods, have caused, are causing and are likely to cause confusion and mistake, and have deceived and are likely to deceive, as to the affiliation, connection, and association of the Defendants with Plaintiff, and as to the origin, sponsorship, and approval of the Defendants' goods.

## Count I: Infringement of Registered Mark, 15 U.S.C. § 1114

35. Plaintiff incorporates by reference paragraphs 1–34 above as if fully set forth herein.

36. The acts of the Defendants complained of herein constitute trademark infringement of a mark registered under the Lanham Act, 15 U.S.C. § 1114.

37. The acts of Defendant Church & Dwight complained of herein also constitute vicarious trademark infringement of a mark registered under the Lanham Act, 15 U.S.C. § 1114.

38. Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

## Count II: Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)

39. Plaintiff incorporates by reference paragraphs 1–34 above as if fully set forth herein.

40. The acts of the Defendants complained of herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. The acts of Defendant Church & Dwight complained of herein also constitute vicarious unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

42. Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

## Count III: Unfair & Deceptive Trade Practices, N.C.G.S. § 75-1.1 *et seq.*

43. Plaintiff incorporates by reference paragraphs 1–34 above as if fully set forth herein.

44. The acts of the Defendants complained of herein constitute unfair methods of competition in or affecting commerce, and unfair and deceptive acts or practices in or affecting commerce, which proximately have caused actual injury to Plaintiff and its business in this State and elsewhere.

45. The acts of the Defendants complained of herein have had the tendency to deceive and mislead consumers and created a likelihood of deception with respect to the Defendants' non-woven fabrics bearing a "wavy lines" design, and were performed willfully, wantonly, with the intent to harm Plaintiff and its rights in the registered Wavy Lines Mark, and with the intent to compete unfairly with Plaintiff.

46. The acts of Defendant Church & Dwight complained of herein also constitute vicarious unfair and deceptive trade practices under N.C.G.S. § 75-1.1 *et seq.*

47. Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

## Count IV: Common Law Unfair Competition and Trademark Infringement

48. Plaintiff incorporates by reference paragraphs 1–34 above as if fully set forth herein.

49. The acts of the Defendants complained of herein constitute unfair competition and trademark infringement of a mark entitled to protection under common law.

50. The acts of Defendant Church & Dwight complained of herein also constitute vicarious unfair competition and vicarious trademark infringement of a mark entitled to protection under common law.

51. Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

**Prayer for Relief**

WHEREFORE, Plaintiff request that the Court:

(a) Preliminarily and permanently enjoin the Defendants from infringing, contributing to the infringement by others or inducing infringement of Plaintiff's registered Wavy Lines Mark and from making any continued use of a "wavy lines" design on or in conjunction with the sale of non-woven fabrics;

(b) Preliminarily and permanently enjoin the Defendants from unfairly competing, contributing to the unfair competition by others, or inducing unfair competition with Plaintiff;

(c) Award Plaintiff all monetary remedies to which it is entitled under the Lanham Act, the North Carolina Unfair & Deceptive Trade Practices Act, and state law, including, without limitation, any and all profits realized by the Defendants, any and all profits realized any party with regard to whom the Defendants have contributed to or induced infringement or unfair competition, any damages sustained by Plaintiff, statutory damages to be elected by Plaintiff, treble, enhanced and punitive damages available under North Carolina and federal law, and Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. § 1117 and N.C.G.S. 75-1.1 *et seq.*;

(d) Order the destruction of Defendants' non-woven fabrics bearing a "wavy lines" design, including the Infringing Goods, and all labels, signs, prints, packages, wrappers,

receptacles, and advertisements in the possession of Defendants, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118; and

(e) For such other and further relief as the Court deems just and reasonable.

**Plaintiff demands a jury trial on all issues so triable.**

Dated: May 8, 2015

s/ Jason M. Sneed
Jason M. Sneed, Esq. (NC Bar No. 29593)

SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
Tel.: 704-779-3611
Email: JSneed@SneedLegal.com

*Attorney for Plaintiff, PGI Polymer, Inc.*