UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PGI POLYMER, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.<br>KARMIN GROUP a/k/a Le GROUPE KARMIN,<br>KARMIN INDUSTRIES,<br>LAMI PRODUCTS, INC. and<br>BI-LO, LLC,<br><br>                Defendants. | Civil Action No.:<br>3:15-CV-0214 (FDW)(DSC)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS** |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Defendants and Counterclaim Plaintiffs Church & Dwight Co., Inc., Karmin Group, Karmin Industries, LaMi Products, Inc., and BI-LO, LLC. ("Defendants") through their undersigned counsel, hereby respond to Plaintiff's September 14, 2015 Motion to Dismiss Defendants' Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 43).

**The Bottom Line Up Front**

Plaintiff has filed a Motion to Dismiss the Counterclaims in the above-captioned proceeding based on an alleged failure to state a claim. Plaintiff's Motion to Dismiss should be denied. The Counterclaims clearly comply with the pleading requirements imposed by Rule 8 of the Federal Rules of Civil Procedure and by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny. "A court must . . . be mindful of the liberal pleading standards under

Rule 8, which require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 410 (E.D. Va. 2011).  Moreover, Defendants deadline to file an amended pleading as of right has yet to expire, and Defendants intend to make such a filing thereby mooting Plaintiff's present motion.

**Argument**

Plaintiff's complaint accuses Defendants of infringement of United States Trademark Registration Number 1,175,550.  (D.E. 1).  Defendants' counterclaims seek declaratory judgment of non-infringement of United States Trademark Registration Number 1,175,550, declaratory judgment that United States Trademark Registration Number 1,175,550 is invalid, and cancellation of United States Trademark Registration Number 1,175,550.  (D.E.26, D.E. 35, D.E. 41).  These statements clearly and plainly state Defendants' claims as related to the very trademark that has been asserted by Plaintiff against Defendants.  There is no uncertainty as to the subject matter of Defendants' counterclaims and no additional information is necessary in Defendants' pleadings.  Moreover, with respect to the cancellation counterclaim, Defendants have alleged three specific bases for cancellation, *i.e.*, that the mark embodied in United States Trademark Registration Number 1,175,550 is 1) generic, 2) functional, and 3) abandoned.  Genericism, functionality, and abandonment are all specifically enumerated in the Lanham Act as bases for cancelling an otherwise incontestable registration.  15 U.S.C 1064 (3).  Plaintiff's assertion that Defendants have not raised a cognizable claim for cancellation cannot be squared with the plain language of the statute.

2

Notwithstanding the above, Defendants are responding to Plaintiff's Motion to Dismiss their counterclaims seven days prior to Defendants' deadline to timely amend these very counterclaims as a matter of course.  As per Rule 15 of the Federal Rule of Civil Procedure, Defendants may amend a pleading once as a matter of course within 21 days after service of a motion under Rule 12(b).  (F.R.C.P. Rule 15(a)(1).  Accordingly, Defendants are able to amend their counterclaims as a matter of course through October 8, 2015.  Defendants intend to file and serve amended counterclaims prior to this deadline.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and motions directed at superseded pleadings may be denied as moot.  *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("[t]he general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect"); *Colin v. Marconi Commerce Systems Employees' Retirement Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).  Thus, when Defendants file and serve their Amended Counterclaims as a timely matter of course by October 8, 2015, the amendment will render Plaintiff's Motion to Dismiss Defendants' Counterclaims moot.

Plaintiff's Motion to Dismiss Defendants' Counterclaims should be denied as Defendants have sufficiently fulfilled the pleading standards of Rule 8 in seeking declaratory judgment of non-infringement, declaratory judgement of invalidity, and cancellation of the very trademark that Plaintiff has asserted against them.  In the alternative, Plaintiff's Motion will soon be rendered moot upon Defendants' forthcoming filing of amended counterclaims, and Defendants

3

respectfully request that the Court abstain from ruling on Plaintiff's motion to dismiss until

Defendants deadline to amend its Counterclaims under Rule 15 has expired.

Respectfully submitted,

This the 1st day of October, 2015

**COLLEN IP**

/s/ Jeffrey A. Lindenbaum
Jeffrey A. Lindenbaum
*Admitted Pro Hac Vice*
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Telephone: (914) 941 5668
Facsimile: (914) 941-6091
E-mail: jlindenbaum@collenip.com


**TREGO, HINES & LADENHIEM, PLLC**

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Telephone: 704-599-8911
Facsimile: 704-599-8719
E-mail:mjl@thlip.com

*Counsel for Defendants/Counterclaim Plaintiffs*

## CERTIFICATE OF FILING AND SERVICE

I, Matthew J. Ladenheim hereby certify that I caused a true and correct copy of the foregoing Memorandum in Opposition to Plaintiff's Motion to Dismiss to be filed with the Court using its ECF system, which will send notification to all counsel of record.

## Word Count Certification

I hereby further certify that the foregoing Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction, exclusive of caption and certifications of counsel, contains 707 words.

Respectfully submitted,

This the 1st day of October, 2015

**TREGO, HINES & LADENHIEM, PLLC**

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Telephone: 704-599-8911
Facsimile: 704-599-8719
E-mail:mjl@thlip.com

*Counsel for Defendants/Counterclaim Plaintiffs*