IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. **3:15-cv-214-FDW**

**PGI Polymer Inc. v. Church & Dwight Co., Inc. et al.**

## CERTIFICATION AND REPORT OF F.R.C.P 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

1. Certification of Conference. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **9/28/15** between:

   Plaintiff PGI Polymer Inc. (Jason M. Sneed, record counsel in attendance) and Defendants Church & Dwight Co., Inc., Karmin Group, Karmin Industries, LaMi Products, Inc., and BI-LO, LLC (Jeffrey A. Lindenbaum and Matthew J. Ladenheim, record counsel in attendance as well as Lisa McAndrews and Joshua Paul from Defendants' counsel's law firm.)

2. Pre-Discovery Disclosures.
   - [x] The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **10/12/15** .
   - [ ] The parties stipulate out of or object to mandatory initial disclosures.

3. Brief Statement of the Nature and Complexity of the Case.

   This is a case based on allegations of trademark infringement and unfair and deceptive trade practices. Plaintiff makes four claims against Defendants: 1) Trademark infringement under the Lanham Act, 2) Unfair competition under the Lanham Act, 3) Unfair and deceptive trade practices under the North Carolina General Statutes, and 4) Common law unfair competition and trademark infringement. Defendants have asserted several defenses and make three counterclaims against Plaintiff: 1) Declaratory judgment of non-infringement, 2) Declaratory judgment that Plaintiff's trademark is invalid, and 3) Cancellation of Plaintiff's federal trademark registration, U.S. Reg. No. 1,175,550.

4. Case Management Track.

☐ The parties jointly request that this matter be assigned to the **Complex/Extended Track**. If this case management track is assigned, the discovery completion deadline would be **12-12-2008** and the dispositive motions deadline would be **12-12-2008**.

☐ The parties disagree as to the appropriate case management track.

☐ (Check if applicable and explain below.) Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

2

5. <u>Discovery Plan.</u>  The parties jointly propose to the Court the following discovery deadlines and limitations.

    (a)    *Deadline for motions* to join additional parties or otherwise amend the pleadings: **12-12-2008**.

    (b)    *Discovery Limits*:
        1) Maximum of **[#]** interrogatories per **party**.
        2) Maximum of **[#]** requests for production per **party**.
        3) Maximum of **[#]** requests for admission per **party**.
        4) Maximum of **[#]** hours of oral deposition per **party**.

    (c)    *Expert reports* from retained experts under Rule 26(a)(2) will be due:
- from plaintiff(s) by **12-12-2008**;
- from defendant(s) by **12-12-2008**;
Supplementations under Rule 26(e) due **[list dates or time intervals]**   .

    (d)    *Special Issues Regarding the Scope and Schedule of Discovery*. (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

**[Discuss whether discovery should be conducted in phases and/or limited to or focused on particular issues, etc.]**

    (e)    *Objections*:

**[Discuss any objections to or disagreement over the discovery deadlines and limitations indicated above.]**

6. Other Items.

   (a) Initial Pretrial Conference. The parties **do not request** a conference with the Court prior to the entry of a Case Management Order.

   (b) Alternative Dispute Resolution.
   Based upon preliminary discussions, settlement in this case **cannot yet be adequately evaluated**. The prospect of settlement may be enhanced by use of the following ADR procedure:
   ☐ Mediated Settlement Conference
   ☐ Judicial Settlement Conference
   ☐ Binding Arbitration
   ☐ Other: [Please Identify]

   The parties agree that the above-selected ADR procedure would be most useful if conducted:
   ☐ Prior to further discovery.
   ☐ After an initial round of preliminary discovery to be completed by 12-12-2008.
   ☐ After the completion of discovery.

   (c) Trial Estimates. If this case is ultimately tried, trial is expected to take approximately **[length of time]**. This case will be tried **without** a jury.

   (e) Local Civil Rule 73.1(C) Certification.
   ☐ The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge. If unanimous consent is present, file an executed Joint Stipulation of Consent form (WDNC Form 34) contemporaneously with the CIAC or else the option to consent may be deemed waived as untimely.

7. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

_s_____    _s_____

*Attorney for Plaintiff(s):*    *Attorney for Plaintiff(s):*

_s_____    _s_____

*Attorney for Plaintiff(s)*    *Attorney for Plaintiff(s):*

_s_____    _s_____

*Attorney for Plaintiff(s):*    *Attorney for Plaintiff(s):*

_s_____    _s_____

*Attorney for Plaintiff(s):*    *Attorney for Plaintiff(s):*