**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

PGI POLYMER, INC.,

Plaintiff,

v.

CHURCH & DWIGHT CO., INC.
KARMIN GROUP a/k/a Le GROUPE KARMIN,
KARMIN INDUSTRIES,
LAMI PRODUCTS, INC. and
BI-LO, LLC,

Defendants.

Civil Action No.:
3:15-CV-0214 (FDW)(DSC)

# AMENDED COUNTERCLAIMS

**COME NOW**, Counterclaim Plaintiffs Church & Dwight Co., Inc., Karmin Group, Karmin Industries, LaMi Products, Inc. and BI-LO, LLC ("CC Plaintiffs"), through their undersigned counsel, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and in support of the following amended counterclaims against Plaintiff PGI Polymer, Inc. ("PGI") allege:

## THE PARTIES

1. Church & Dwight Co., Inc. is a corporation organized under the laws of Delaware, having a principal place of business at Princeton South Corporate Center, 500 Charles Ewing Boulevard, Ewing, NJ 08628.

2. Karmin Group and Karmin Industries are corporations organized under the laws of Canada, with a principal place of business at 1901 Autoroute Transcanadienne, Dorval, Quebec H9P 1J1 Canada.

3. LaMi Products, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Huntingdon Valley, Pennsylvania.

4. BI-LO, LLC is limited liability company organized under the laws of Delaware with its principal place of business in Jacksonville, Florida.

5. Upon information and belief, PGI Polymer is a Delaware corporation with a principal place of business at 9335 Harris Corners Parkway, Suite 300, Charlotte, NC 28269-3818.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202 and 15 U.S.C. 1119 and 1121.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of the action is situated in this District, and upon information and belief PGI resides in this District.

## BACKGROUND

8. PGI's Registration No. 1,175,550 (the "'550 Registration") is generic or has become generic for the goods described in the '550 Registration as a result of widespread, third party use of such design with such goods or has otherwise been abandoned by PGI as a result of

widespread third party use, causing the design to become generic with respect to the goods described in the '550 Registration.

9. PGI has not marketed or sold its products with any indicia that the wavy line design is a trademark or brand.

10. PGI products and packaging for its non-woven fabrics bearing the wavy line design do not include a ® or TM symbol.

11. PGI products and packaging for its non-woven fabrics do not state that the wavy line design is a trademark or brand owned by PGI.

12. Wavy line designs are common patterns that are used on household goods, including the goods described in the '550 Registration.

13. Designs similar to the alleged wavy line design have been used on non-woven fabrics for years by numerous third parties and competitors of PGI.

14. Third parties, without license or authorization by PGI, have sold non-woven fabrics, including those identified in the '550 Registration with wavy line designs in retail stores and on online.

15. As a result of the widespread use of wavy line designs, PGI's design is incapable of serving as an indication of source.

16. Upon information and belief, consumers do not look to a wavy line design as an indication of source.

17. The asserted wavy line design has been the subject of numerous utility patents, including US Patent Nos. 5,380,581, 3,009,822, 2,782,130 and/or 2,039,312.

18. The ‘822 Patent discloses that a “well-known bonding method is to print the nonwoven webs with intermittent or continuous straight or wavy lines or areas of binder extending generally transversely or diagonally across the web and additionally, if desired, along the web.”

19. There have been no instances of consumer confusion arising from Defendants’ marketing and/or sales of the accused product.

20. The accused product uses a design that is different from the wavy line design depicted in the ‘550 Registration.

21. The accused product uses a design that is not confusingly similar to the design depicted in the ‘550 Registration.

22. The accused product was sold in packaging that was prominently branded with the famous ARM & HAMMER trademark.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

23. CC Plaintiffs reallege and incorporate by reference the other paragraphs of this pleading.

24. PGI has alleged and commenced this lawsuit claiming that the CC Plaintiffs’ actions in connection with the marketing advertising, distribution and sale of nonwoven wipes under the ARM & HAMMER brand infringe PGI’s rights in US Trademark Registration No. 1,175,550.

25. CC Plaintiffs desire to be free of threats and allegations that marketing, distribution and sales of non-woven wipes may be challenged by PGI as infringing.

26. An actual and present justiciable controversy requiring declaratory relief now exists between CC Plaintiffs and PGI regarding counts I-IV of PGI's complaint.

27. PGI does not own any enforceable trademark rights, exclusive or otherwise, in the alleged trademark or registration no. 1,175,550 or the design depicted therein.

28. PGI's wavy line design does not, and has not, served as indication of source.

29. To the extent PGI's wavy line design is found to be entitled to any form of protection, it is an extremely weak mark, which, if at all, would be entitled to only the narrowest scope of protection.

30. There is no likelihood of confusion between the alleged wavy line design and registration and CC Plaintiff's accused product, particularly considering the lack of strength of the PGI mark and the differences between the accused product, including its packaging, and the alleged mark.

31. CC Plaintiffs and the accused product do not infringe any of the intellectual property rights alleged to be owned by PGI, and the CC Plaintiffs have committed no acts of trademark infringement, unfair competition, or unfair deceptive trade practices.

32. Under these circumstances, there is a substantial controversy, between the parties having adverse legal interests regarding the allegations of infringement, unfair competition and unfair deceptive trade practices, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**COUNTERCLAIM II**
**DECLARATORY JUDGMENT THAT**
**PGI'S TRADEMARK IS INVALID**

33. CC Plaintiffs reallege and incorporate by reference the other paragraphs of this pleading.

34. An actual and present justiciable controversy requiring declaratory relief now exists between CC Plaintiffs and PGI.

35. PGI does not own any trademark rights, exclusive or otherwise, in the alleged wavy line design, or any colorable variation thereof.

36. The alleged wavy line design is used by many third parties in connection with the sale of non-woven wipes, and these third parties are not licensed, authorized or otherwise controlled by PGI.

37. For many years, the alleged wavy line design has been used by many third parties that are not licensed, authorized or otherwise controlled by PGI.

38. The alleged wavy line design has not been marketed and is not recognized as a trademark or indication of source.

39. The alleged wavy line design is functional, and among other things, improves the softness, hand and drape of the non-woven wipe.

40. The alleged wavy line design is functional because, among other things, it is essential to the use or purpose of the goods identified in Registration No. 1,175,550 and/or affects the cost or quality of the goods.

41. PGI has failed to adequately police its alleged wavy line design.

42. For many years, PGI has acquiesced to third party use of its alleged wavy line design.

43. The utilitarian and/or functional benefits of the wavy line design have been disclosed in several patents, including US Patent Nos. 5,380,581, 3,009,822, 2,782,130 and/or 2,039,312.

44. The alleged wavy line design is marketed and used by PGI to designate a function or use of a non-woven wipe and not as an indication of source of the wipe.

45. The alleged wavy line design depicted in US Registration No. 1,175,550 is not currently used by PGI.

46. PGI has not used the wavy line design depicted in US Registration No. 1,175,550 for more than three years.

47. PGI has no intent to begin or resume use of the wavy line design depicted in US Registration No. 1,175,550.

48. Upon information and belief, PGI has acquiesced to the marketing and sale of nonwoven wipes bearing the wavy line design by entities that sell the wipes under their own names/brands and without identifying the wavy line design as a trademark owned by PGI, and without PGI exercising control of the third parties' actions.

49. Upon information PGI has acquiesced to the use of the wavy line design by third parties that are not licensed by PGI, and for which such use by the third parties does not inure to the benefit of PGI.

50. PGI's purported trademark rights in the wavy line design are invalid and/or unenforceable because the design does not function as a trademark, is generic, is functional and/or has been abandoned and is therefore not entitled to trademark protection.

## COUNTERCLAIM III
## CANCELLATION OF US TRADEMARK REGISTRATION NO. 1,175,550

51. CC Plaintiffs reallege and incorporate by reference the other paragraphs of this pleading.

52. This is a claim for cancellation of PGI's U.S. Trademark Registration No. 1,175,550 pursuant to 15 U.S.C. § 1051, 1064, and 1119.

53. The wavy line design registered under U.S. Trademark Registration No. 1,175,550 is invalid because the design does not function as a trademark, is generic, is functional and/or has been abandoned.

54. Pursuant to Section 37 of the Lanham Act (15 U.S.C §1119), "in any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

55. Section 2(e)(5) of the Trademark Act, 15 U.S.C. §1052(e)(5), prohibits registration on the Principal Register of "matter that, as a whole, is functional."

56. Section 2(f) of the Act, 15 U.S.C. §1052(f), provides that matter that, as a whole, is functional may not be registered even on a showing that it has become distinctive.

57. Section 14(3) of the Act, 15 U.S.C. §1064(3), lists functionality as a ground that can be raised in a cancellation proceeding more than five years after the date of registration.

58. Section 33(b)(8) of the Act, 15 U.S.C. §1115(b)(8), lists functionality as a statutory defense to infringement in a suit involving an incontestable registration.

59. Upon information and belief, the design embodied in United States Trademark Registration No. 1,175,550 constitutes matter that, as a whole, is functional and is therefore not entitled to registration. Accordingly, the registration should be cancelled.

60. The continued existence of U.S. Trademark Registration No. 1,175,550 damages and injures CC Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, CC Plaintiffs pray:

1. That the Court enter Judgment in favor of CC Plaintiffs and against PGI on all claims and counterclaims.

2. That pursuant to 28 U.S.C. § 2201, the Court declare PGI's purported trademark rights in the alleged wavy line design are invalid and/or unenforceable and that CC Plaintiffs have committed not act of infringement, unfair competition or unfair or deceptive trade practices.

3. That the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to CC Plaintiffs in an amount to be determined at trial.

4. That the Court adjudge U.S. Trademark Registration No. 1,175,550 cancelled, and issue an Order, pursuant to 15 U.S.C. § 1119, directing the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 1,175,550 with prejudice.

5. That, pursuant to 15 U.S.C. § 1117 and other applicable laws, PGI be required to pay to CC Plaintiffs the costs of this action, including attorneys' fees and disbursements incurred.

6. Any such other and further relief as this Court deems just and equitable.

[END]

Respectfully submitted,

This the 8th day of October, 2015

**COLLEN IP**

/s/ Jeffrey A. Lindenbaum
Jeffrey A. Lindenbaum
*Admitted Pro Hac Vice*
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Telephone: (914) 941 5668
Facsimile: (914) 941-6091
E-mail: jlindenbaum@collenip.com

**TREGO, HINES & LADENHIEM, PLLC**

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Telephone: 704-599-8911
Facsimile: 704-599-8719
E-mail:mjl@thlip.com

*Counsel for Defendants/Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Matthew J. Ladenheim hereby certify that I caused a true and correct copy of the Amended Counterclaims to be filed with the Court using its ECF system, which will send notification to all counsel of record.

Respectfully submitted,

This the 8th day of October, 2015

**TREGO, HINES & LADENHIEM, PLLC**

/s/ Matthew J. Ladenheim

Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Telephone: 704-599-8911
Facsimile: 704-599-8719
E-mail:mjl@thlip.com

*Counsel for Defendants/Counterclaim Plaintiffs*