**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| PGI POLYMER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHURCH & DWIGHT CO., INC. <br> KARMIN GROUP a/k/a Le GROUPE KARMIN, <br> KARMIN INDUSTRIES, <br> LAMI PRODUCTS, INC. and <br> BI-LO, LLC, <br><br> Defendants. | Civil Action No.: <br> 3:15-CV-0214 (FDW)(DSC) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

Defendants and Counterclaim Plaintiffs Church & Dwight Co., Inc., Karmin Group, Karmin Industries, LaMi Products, Inc. and BI-LO, LLC (hereinafter "Defendants") through their undersigned counsel, submit this opposition to Plaintiff's Motion for leave to file a Second Amended Complaint to add seven additional defendants to this litigation. Plaintiff's Motion should be denied because Plaintiff was aware of these entities involvement (if any) in the chain of distribution of the allegedly infringing products for over seven weeks, but chose to delay seeking this leave to amend. Given the extremely short schedule entered by the Court because of the existing preliminary injunction order, Plaintiff's proposed amendment would greatly disrupt the schedule in the case and prejudice Defendants. The Court should also deny Plaintiff's Motion to amend since the amendment is futile because six of the seven potential new defendants are not domiciled in North Carolina, do not operate their stores in North Carolina and therefore this

Court does not have personal jurisdiction over these entities. Moreover, Southeastern Grocers LLC is merely a parent corporation for BI-LO, LLC, and Win-Dixie Stores, Inc. and has conducted none of the alleged activities that gave rise to this litigation and should not be added to this litigation.

## BACKGROUND

Plaintiff filed this action on May 8, 2015, and moved the Court to enter a preliminary injunction to enjoin Defendants' sales of allegedly infringing products. Plaintiff subsequently filed an amended complaint on July 14, 2015, in which it added an additional defendant (LaMi Products, Inc.).

On August 19, 2015, the parties engaged in informal discovery and Defendants provided Plaintiff with the names of certain distributors and retailers that Plaintiff now seeks to add to this lawsuit. Plaintiff was provided this information seven weeks before it sought leave to amend its complaint to add these entities as parties.

On September 21, 2015, the Court conducted a preliminary injunction hearing. During the hearing, the Court stated it would issue an order that would enjoin Defendants from selling the allegedly infringing products. In light of the preliminary injunction, and the possible prejudice to be suffered by Defendants, the Court warned the parties that the case would be assigned to the fast track case management plan. This fast track schedule permits an extraordinarily short window for discovery and fact and expert discovery are set to close in only nine weeks, on January 4, 2016.

With only nine weeks of discovery remaining in this lawsuit, Plaintiff's decision to delay seven weeks before seeking to more than double the number of defendants in this lawsuit is disruptive and prejudicial. Plaintiff's delay is indefensible in light of the Court's September 21,

2015 warning that the case would be scheduled for trial on an extremely short schedule. Plaintiff has offered <u>no</u> explanation or basis for its decision to delay seeking leave for such an inordinate amount of time. Plaintiff's unexplained procrastination constitutes undue delay that warrants denial of its Motion.

Plaintiff seeks to add the following defendants to the existing action: Southeastern Grocers, LLC, Winn-Dixie Stores, Inc., Samson Mergers Sub, LLC d/b/a Harveys Supermarket, Delhaize America, LLC, Boscov's Department Stores, LLC, X-S Merchandise, Inc. and Regent Products Corp. All of these potential defendants, except for Delhaize America, LLC, are located outside the state of North Carolina and do not operate stores in North Carolina. *See* Ex. C, G. Davis Declaration and Ex. D, J. Roy Declaration. Amending the Complaint to add these potential defendants would be futile. Furthermore, even though Southeastern Grocers, LLC, is a parent company to BI-LO, LLC, and Winn-Dixie Stores, Inc., it was not involved in any of the alleged actions that gave rise to this litigation. *See,* J. Roy Declaration. Plaintiff's amendments would be futile, and only further delay this lawsuit with dispositive motions.

## LEGAL STANDARD

If more than twenty-one days elapses after a responsive pleading is served by the defendant, a plaintiff wishing to amend the pleading may only do so with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Although, the Court "should freely give leave when justice so requires," *see id.*, the Court should deny a motion to amend when, like in this case, "the amendment would be prejudicial to the opposing party . . ." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)). Moreover, "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is

3

acting contrary to the spirit of the rule." *Shinn v. Greeness*, 218 F.R.D. 478, 486-487 (M.D.N.C. 2003) (internal quotations omitted) (*citing Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (quotation omitted)). Additionally, "[a] court may refuse to allow leave to amend pleadings when the proposed changes would be futile." *Digsby v. United States*, 2008 U.S. Dist. LEXIS 121230, at *2 (W.D.N.C. June 26, 2008) (*quoting New Beckley Mining Corp. v. Int'l Union*, 18 F.3d 1161, 1164 (4th Cir. 1994)) (quotations omitted). Thus, in instances where a plaintiff delays amending its pleadings, the delay prejudices a defendant, or the amendment is futile, then the Court should deny the motion to amend.

## DISCUSSION

1. *Plaintiff Unduly Delayed in Moving to Amend its Pleadings By Waiting Nearly Two Months to Seek Leave to Amend*

Plaintiff unduly delayed its Motion to amend the pleadings by waiting nearly two months. Although it is in the Court's discretion to grant a motion to amend the pleadings, "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent." *Shinn v. Greeness*, 218 F.R.D. 478, 486-487 (M.D.N.C. 2003) (*quoting Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (citations and quotations omitted). Here, Defendants identified the parties that Plaintiff seeks to add to this lawsuit as early as August 19, 2015. *See* Declaration of Jeffrey A. Lindenbaum attached hereto as "*Exhibit A*" and Declaration of Lawrence H. Kunin attached hereto as "*Exhibit B*." Given the Court's explicit warning, on September 21, 2015, that this case would be placed on a fast track case management schedule and the limited amount of time to complete discovery, Plaintiff's delay in moving to amend its pleadings is unreasonable and undue.

### 2. Defendants are Prejudiced by Plaintiff's Undue Delay

Plaintiff's undue delay in moving to amend the complaint to add additional parties prejudices Defendants by prolonging the resolution of this matter. "[A] district court has the discretion to deny leave to amend 'based upon a balancing of the equities, including whether . . . additional discovery [would] be required, and whether the court's docket [would] be strained.'" *Essential Hous. Mgmt., Inc. v. Walker*, 1998 U.S. App. LEXIS 12105, at \*12 (4th Cir. 1998) (*citing Barnes Group, Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1035 n.35 (4th Cir. 1983)). Here, Plaintiff seeks leave to add seven additional defendants to this litigation, which would more than double the amount of parties involved in this lawsuit. This case is set on an extraordinarily fast track calendar and discovery is to be completed in the next two months by January 4, 2016. The Parties have already exchanged discovery requests. Given the short amount of time for discovery, Plaintiff will likely need additional time to complete discovery regarding the new defendants, and the new defendants will need time to serve their own discovery, which would further delay resolution of this matter.

Moreover, Defendants will be prejudiced by any further extensions of the discovery period to allow for additional discovery requests to be served on and answered by these seven proposed defendants. Defendants have already been enjoined from selling the allegedly infringing products and further delay of resolution of this case may result in potential monetary loss for Defendants. Under the current schedule, the proposed seven new defendants would likely have a few days (at best) to serve any discovery and no opportunity to complete any follow up discovery. Likewise, the new defendants would have no reasonable opportunity to consult with or retain any expert witnesses.

This prejudice outweighs the harm, if any, to Plaintiff if the Motion is denied. If the Motion to Amend is denied, Plaintiff has the option and the ability to file a separate lawsuit against these parties. *See generally Fairfield Resorts, Inc. v. Fairfield Mts. Prop. Owners Ass'n*, 2007 U.S. Dist. LEXIS 5239, at *26-27 (W.D.N.C. 2007) (". . . allowing this amendment with such little time for Defendant to conduct discovery on new state law claims for damages and further injunctive relief would put Defendant at a severe disadvantage. Plaintiff will possibly suffer some form of prejudice by the denial of this motion in the form of having to file an additional lawsuit on these separate claims. . . Accordingly, as 'prejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny amendment.' Plaintiff's motion to amend will also be denied.") (citation omitted). Indeed, since Plaintiff will not be able to establish personal jurisdiction over most of the proposed new defendants, a separate lawsuit would be needed in any event. Plaintiff's decision not to seek to join these entities earlier precludes Plaintiff from doing so now with so little time left in the discovery period.

3. *Plaintiff's Proposed Amendment Should be Denied as Futile Because This Court Cannot Assert Jurisdiction Over the Proposed Defendants*

Plaintiff's proposed amendment is futile and should be denied because this Court cannot exercise jurisdiction over six of the seven proposed defendants. A party wishing to amend the pleadings to add new defendants "has the burden of establishing personal jurisdiction by a preponderance of the evidence." *Thimbler, Inc. v. Unique Solutions Design, Ltd.*, 2013 U.S. Dist. LEXIS 129912, at *6 (E.D.N.C. Sept. 11, 2013) (*citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997)). Personal jurisdiction is established if a potential defendant "has the requisite minimum contacts with North Carolina to satisfy due process." *Southard v. D'Amelio*, 2004 U.S.

Dist. LEXIS 27892, at *12 (W.D.N.C. Dec. 2, 2004) (*quoting CEM Corp. v. Pers. Chemistry AB*, 192 F. Supp. 2d 438, 440 (W.D. N.C. 2002) (quotations omitted)). A defendant must either have: (i) continuous and systematic contacts with North Carolina; or (ii) the defendant's "contacts [are] related to the cause of action and create a substantial connection with the forum state." *Id*. (*citing Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000) (citations omitted) (alteration added)).

Moreover, for a plaintiff to impose liability on a parent company for the actions of a subsidiary, the parent company must have "knowledge of the infringing activity, induce[], cause[] or materially contribute[] to the infringing conduct of another" or "[have] the right and ability to supervise the infringing activity and also [have] a direct financial interest in such activities." *See CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004) (discussing liability for copyright liability) (alterations added) (quotations omitted) (abrogated on other grounds) (*citing* Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)).

Here, the proposed defendant Southeastern Grocers, LLC is located in Jacksonville, Florida and does not have a corporate location or presence in North Carolina. *See,* Ex. D., J. Roy Declaration. Southeastern Grocers, LLC is merely the parent company for BI-LO LLC, Samson Merger Sub, LLC and Winn-Dixie Stores, Inc. and has no involvement with sales, marketing, or distribution of the alleged infringing goods. *Id.* Similarly, Southeastern Grocers, LLC did not direct, contribute to, or supervise the allegedly infringing conduct or financially gain from this conduct. *Id.* Since there is no jurisdictional or substantive basis to add Southeastern Grocers, LLC as a defendant in this action, granting Plaintiff leave to amend their pleadings would be futile.

7

Furthermore, according to their websites, five of the other potential defendants are not located within North Carolina nor do they operate stores in North Carolina. *See* Declaration of Govinda M. Davis attached hereto as "*Exhibit C*; *see also,* J. Roy Declaration, attached as Exhibit D. Winn-Dixie Stores, Inc. is located in Florida and only operates stores in Alabama, Florida, Georgia, Louisiana and Mississippi. Winn-Dixie Stores, Inc. does not operate stores in North Carolina. Samson Mergers Sub, LLC (which owns Harveys Supermarket) is located in Texas and Harveys Supermarkets stores are only located in Florida, Georgia and South Carolina. Harveys Supermarket stores are not located in North Carolina. Boscov's Department Stores, LLC is located in Pennsylvania and only operates stores in Pennsylvania, Connecticut, New York, New Jersey, Maryland, Delaware and Ohio. Boscov's Department Stores, LLC does not operate stores in North Carolina. X-S Merchandise, Inc. is located in Ohio and has showrooms in Illinois and Pennsylvania. X-S Merchandise, Inc. does not operate stores or showrooms in North Carolina. Regent Products Corp. is located in Illinois and has showrooms in Michigan, Florida and Pennsylvania. Regent Products Corp. does not operate stores or showrooms in North Carolina. Thus, since these potential defendants are not physically located in North Carolina and Plaintiff has not demonstrated that this Court can assert jurisdiction over them, Plaintiff's amendment to the complaint would be futile. At best, these issues would further delay this lawsuit as motion practice, and possibly jurisdictional discovery, will likely be needed before these parties can be properly joined.

## CONCLUSION

Plaintiff delayed and did not move to amend its pleadings when it first learned of the potential defendants and this delay prejudices Defendants. Additionally, Plaintiff's amendments

8


to add the potential defendants would be futile because of a lack of personal jurisdiction. Plaintiff's Motion for leave to amend should be DENIED.

                              Respectfully submitted
                              for *Defendants*,

                              **COLLEN IP**

By:    s/Jeffrey A. Lindenbaum
          Jeffrey A. Lindenbaum (JL-1971)
          *Admitted Pro Hac Vice*
          COLLEN IP
          The Holyoke-Manhattan Building
          80 South Highland Avenue
          Ossining, New York 10562
          Telephone: (914) 941 5668
          Facsimile: (914) 941-6091
          jlindenbaum@collenip.com

          **TREGO, HINES & LADENHIEM, PLLC**

          s/ Matthew J. Ladenheim
          Matthew J. Ladenheim
          NC State Bar No. 29309
          TREGO HINES & LADENHEIM, PLLC
          9300 Harris Corners Parkway Suite 210
          Charlotte, North Carolina 28269
          Telephone: 704-599-8911
          Facsimile: 704-599-8719
          E-mail:mjl@thlip.com

Dated: November 2, 2015

# CERTIFICATE OF FILING AND SERVICE

I, Matthew J. Ladenheim hereby certify that I caused a true and correct copy of the foregoing Memorandum in Opposition to Plaintiff's Motion to Amend to be filed with the Court using its ECF system, which will send notification to all counsel of record.

## Word Count Certification

I hereby further certify that the foregoing Memorandum in Support, exclusive of caption and certifications of counsel, contains 2,295 words.

Respectfully submitted,

This the 2nd day of November, 2015

**TREGO, HINES & LADENHIEM, PLLC**

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Telephone: 704-599-8911
Facsimile: 704-599-8719
E-mail:mjl@thlip.com

*Counsel for Defendants/Counterclaim Plaintiffs*