IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00214-FDW-DSC

| | |
|---|---|
| PGI POLYMER, INC., | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
|     v. | ) |
| CHURCH & DWIGHT CO., INC., KARMIN GROUP a/k/a Le GROUPE KARMIN, KARMIN INDUSTRIES, LAMI PRODUCTS, INC., and BI-LO, LLC, | ) |
|     Defendants/Counterclaimants | ) |
| SOUTHEASTERN GROCERS, LLC, WINN-DIXIE STORES, INC., SAMSON MERGER SUB, LLC, BOSCOV'S DEPT. STORE, LLC, DELHAIZE AMERICA, LLC, X-S MERCHANDISE, INC., and REGENT PRODUCTS, INC. | ) |
|     Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL."

1

2. "Highly Confidential – Attorneys' Eyes Only" is a subset of confidential information that includes information or documents which are not publicly available, and which the disclosing party has a good faith belief to be highly confidential or commercially sensitive, and for which the disclosing party believes the dissemination to a competitor or person not entitled to such information could cause harm to the disclosing party. Counsel for any party may designate any document or information contained in a document as "Highly Confidential – Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as "Highly Confidential – Attorneys' Eyes Only" will be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO." "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information or documents may be referred to collectively as "confidential information."

3. A disclosing party seeking to designate confidential information such as testimony or related exhibits at a deposition or hearing may designate such material as Confidential or Confidential—Attorneys' Eyes Only by indicating, on the record at the proceeding, the testimony or other protected Materials which should be so marked. All recordings and transcripts of depositions or hearings and accompanying exhibits shall be treated as Highly Confidential – Attorneys' Eyes Only for a period of fifteen days (the "Review Period") following the receipt by the disclosing party of the transcript or recording, during which time no Recipient may disclose any confidential information to any person not entitled to possess such materials and during which time (or thereafter, if agreed by the disclosing party and all parties to this action) the disclosing party may designate any portion of the recording, transcript, or accompanying exhibits as confidential information, or remove such designation. By the

2

expiration of the Review Period, the disclosing party shall provide to all parties such designations with an identifying number (such as a Bates Number) or, such as in the case of court and deposition transcripts, by title and internally numbered by page, paragraph and/or line.

4. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

5. Acceptance of information designated as Confidential or Highly Confidential shall not constitute an admission by the Party or evidence that the information is Confidential or Highly Confidential Information, and the Receiving Party may at any time request that the Producing Party or the Court reclassify (a) Highly Confidential Information as either Confidential Information or non-confidential information or (b) Confidential Information as non-confidential information. Information designated Confidential or Highly Confidential shall maintain that designation for all purposes unless and until (a) the Producing Party agrees to re-designate the information, or (b) the Court rules that information so designated shall no longer be protected as designated. The burden of proof in any motion challenging the designation of information as Confidential or Highly Confidential Information shall be on the Producing Party to justify the appropriateness of the designation.

6. In the event a party challenges another party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

7. Inadvertent disclosure of information which the disclosing party intended to

designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

8. If a party inadvertently produces or provides discovery which it believes is subject to a claim of attorney-client or work product privilege, the Producing Party may give written notice to the Receiving Party that the information is subject to a claim of privilege and request that the information be returned to the Producing Party. The Receiving Party shall immediately return the information to the Producing Party and delete any electronically stored copies, and certify that it has returned or destroyed all copies. Within three business days of the notification that the inadvertently disclosed information has been returned and/or deleted, the Producing Party shall produce a privilege log with respect to the inadvertently disclosed information. The return of the information by the Receiving Party shall neither constitute an admission or concession, or permit any inference, that the information is, in fact, properly subject to a claim of privilege, nor foreclose any party from moving the Court for an order that the information has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production.

9. Subject to paragraph 9 below, information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The parties and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential

4

information; and

e. The Court or the jury at trial or as exhibits to motions.

10. Subject to paragraph 9 below, information or documents designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person except:

a. Outside counsel for the parties and the employees and administrative personnel thereof; and

b. Three in-house attorneys and one paralegal of the parties, whom the parties shall designate before receiving any requested documents or information;

c. Expert witnesses.;

d. The Court or the jury at trial or as exhibits to motions.

11. This Order shall not (a) prevent any Producing Party from using or disclosing its own Confidential Information as it deems appropriate, (b) preclude any party from showing an employee, officer, or expert of a Producing Party at a deposition of that employee, officer, or expert any information provided by the Producing Party, and (c) preclude or limit any party from the lawful use of any information obtained from a source other than the Producing Party.

12. Prior to disclosing or displaying the confidential information to any person, counsel shall:

a. Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and

has enjoined the disclosure of that information or documents to any other person.

13. The confidential information may be displayed to and discussed with the persons identified in Paragraph 9(c) and (d) and Paragraph 10(b), and (c) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A,</u> the party desiring to disclose the confidential information may seek appropriate relief from this Court.

14. A party who seeks to introduce confidential information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

15. For the purpose of Paragraphs 9(d) and (e) and Paragraph 8(d), it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Order does not provide for the automatic sealing of such documents.

16. Failure to designate or stamp as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time of production shall not be a waiver of the protection for confidential information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Order for any disclosure of confidential information made prior to receiving such notice.

17. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

18. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

19. If a party seeks discovery from a third party, the third party shall be entitled to all of the protection and benefits that a Producing Party has under this Order.

**INTENDING TO BE BOUND**, the parties hereto have signed this Agreement as of the 19th day of November, 2015.

PGI Polymer, Inc.

SNEED PLLC
*s/ Jason M. Sneed*
Jason M. Sneed, Esq. (NC Bar No. 29593)
Sarah C. Hsia, Esq. (admitted pro hac vice)
SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
Tel.: 844-763-3347
Email: JSneed@SneedLegal.com
Sarah@SneedLegal.com

*Attorneys for Plaintiff PGI Polymer, Inc.*

Church & Dwight Co., Inc., Karmin Group, Karmin Industries, BI-LO, LLC, and LaMi Products, Inc.

COLLEN IP

  s/ Jeffrey A. Lindenbaum
Jeffrey A. Lindenbaum, Esq. (admitted *pro hac vice*)
Collen IP
The Holyoke-Manhattan Building
80 South Highland Ave.
Ossining-on-Hudson, NY 10562
*jlindenbaum@collenip.com*

*Attorneys for Defendants / Counterclaimants Church & Dwight Co., Inc., Karmin Group, Karmin Industries, BI-LO, LLC, and LaMi Products, Inc.*

      **SO ORDERED**.

      Signed: November 23, 2015

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *PGI Polymer, Inc. v. Church & Dwight Co., Inc. et al.*, Civil Action No. 3:15-cv-214-FDW-DSC (W.D.N.C.) have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that, except as permitted under the protective order entered in the above-referenced civil action, I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____