**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-CV-00214-FDW-DSC**

| | | |
|---|---|---|
| PGI POLYMER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| CHURCH & DWIGHT CO., INC., KARMIN | ) | |
| GROUP a/k/a Le GROUPE KARMIN, | ) | |
| KARMIN INDUSTRIES, LAMI | ) | |
| PRODUCTS, INC., BI-LO, LLC, | ) | **ANSWER OF DEFENDANT** |
| SOUTHEASTERN GROCERS, LLC, WINN- | ) | **DELHAIZE AMERICA, LLC** |
| DIXIE STORES, INC., SAMSON MERGER | ) | |
| SUB, LLC, BOSCOV'S DEPARTMENT | ) | |
| STORE, LLC, DELHAIZE AMERICA, LLC, | ) | |
| X-S MERCHANDISE, INC., and REGENT | ) | |
| PRODUCTS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Delhaize America, LLC ("Delhaize") answers the Second Amended Complaint of Plaintiff PGI Polymer, Inc. ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.      This Complaint is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for violation of the North Carolina Unfair & Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, and for unfair competition and trademark infringement under applicable state law.

**ANSWER:**   Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 1, and therefore denies those allegations.

Case 3:15-cv-00214-FDW-DSC   Document 83   Filed 12/15/15   Page 1 of 21

## PARTIES

2.      Plaintiff PGI Polymer, Inc. is a Delaware corporation with a principal place of business at 9335 Harris Corners Parkway, Suite 300, Charlotte, NC 28269-3818.

**ANSWER:**   Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 2.

3.      Upon information and belief, Defendant Church & Dwight Co., Inc. is a Delaware corporation with a principal place of business at Princeton South Corporate Center, 500 Charles Ewing Boulevard, Ewing, NJ 08628. Church & Dwight may be served through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904.

**ANSWER:**   Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 3

4.      Upon information and belief, Defendant Karmin Group, also known as Le Groupe Karmin, is a Quebec corporation with a principal place of business at 1901 Autoroute Transcanadienne, Dorval, Quebec H9P 1J1, Canada. Pursuant to the Hague Convention, Karmin Group may be served through the Central Authority for Quebec, c/o Pierre-Luc Gagne, Direction des Services Professionnels, Entraide Internationale, Ministere de la Justice, 1200, Route de 1'Eglise, 2e etage, Quebec G 1 V 4M 1, Canada.

**ANSWER:**   Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 4.

5.      Upon information and belief, Defendant Karmin Industries is a Quebec corporation with a principal place of business at 1901 Autoroute Transcanadienne, Dorval, Quebec H9P 1J1, Canada. Pursuant to the Hague Convention, Karmin Industries may be served through the Central Authority for Quebec, c/o Pierre-Luc Gagne, Direction des Services

Professionnels, Entraide Internationale, Ministere de la Justice, 1200, Route de 1'Eglise, 2e etage, Qu6bec G 1 V 4M 1, Canada.

**ANSWER:**    Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 5.

6.    Upon information and belief, Defendant LaMi Products, Inc. is a Pennsylvania corporation with a principal place of business-at 860 Welsh Road, Huntingdon Valley, PA 19006-6000. LaMi's registered office address is 798 Welsh Road, Huntingdon Valley, PA 19006-0.

**ANSWER:**    Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 6.

7.    Upon information and belief, Defendant BI-LO, LLC is a Delaware limited liability company with a principal place of business at 208 BI-LO Boulevard, Greenville, SC 29607. BI-LO may be served through its registered agent, Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

**ANSWER:**    Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 7.

8.    Upon information and belief, Defendant Southeastern Grocers, LLC is a Delaware limited liability company with a principal place of business at 5050 Edgewood Court, Jacksonville, FL 32254. Southeastern may be served through its registered agent Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

**ANSWER:**    Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 8.

9.      Upon information and belief, Defendant Winn-Dixie Stores, Inc. is a Florida corporation with a principal place of business at 5050 Edgewood Court, Jacksonville, FL 32254. Winn-Dixie may be served through its registered agent Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

**ANSWER:**     Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 9.

10.      Upon information and belief, Defendant Samson Merger Sub, LLC is a Texas limited liability company doing business as Harveys Supermarkets, with a principal place of business at 1999 Bryan Street, Suite 900, Dallas, TX 75201. Harveys may be served through its registered agent Corporation Service Company, 211 E. 70th Street, Suite 620, Austin, TX 78701-3218.

**ANSWER:**     Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 10.

11.      Upon information and belief, Defendant Boscov's Department Store, LLC is a Delaware limited liability company with a principal place of business at 4500 Perkiomen Ave., Reading, PA 19606. Boscov's may be served through its registered agent Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

**ANSWER:**     Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 11.

12.      Upon information and belief, Defendant Delhaize America, LLC is a North Carolina limited liability company with a principal place of business at 2110 Executive Drive, Salisbury, NC 28147. Delhaize may be served through its registered agent, Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603.

**ANSWER:** Admitted.

13. Upon information and belief, Defendant X-S Merchandise, Inc. is an Ohio corporation with a principal place of business at 7000 Granger Rd. Independence, OH 44131. XS may be served through its registered agent Leonard B. Stern, 2415 Allen Blvd., Beachwood, OH 44122.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 13.

14. Upon information and belief, Defendant Regent Products, Inc. is a Virginia corporation with a principal place of business at 4696 Honey Grove Road, Suite 102, Virginia Beach, VA 23455. Regent may be served through its registered agent, Ray Kessell, 6904 Redwood Lane, Raleigh, NC 27604.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 14.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action upon the following grounds:

    a.    28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

    b.    28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating Commerce;

    c.    28 U.S.C. § 1338(a), this being a civil action arising under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 *et seq.;*

<ol type="a" start="4">
<li>28 U.S.C. § 1338(b), this being a civil action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws;</li>
<li>28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.</li>
</ol>

**ANSWER:**    Denied.

16.    Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391(a), (b), and (c).

**ANSWER:**    Denied.

17.    Defendants are subject to personal jurisdiction in this Court pursuant to N.C.G.S. § 1-75.4 because they are either domestic corporations, or are engaged in substantial activity within North Carolina.

**ANSWER:**    Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 17.

## BACKGROUND FACTS REGARDING PLAINTIFF AND THE WAVY LINES MARK

18.    Since at least as early as March 1942 or prior to the earliest of the use of any "wavy lines" design for non-woven fabrics by any of the Defendants, Plaintiff and its predecessors-in-interest have used continuously in commerce in this country a trademark for non-woven fabrics consisting of a design made up of wavy lines continuously extending across the entire surface of the goods, the lines being of a color which is readily discernible against the background upon which the trademark appears (hereinafter, the "Wavy Lines Mark").

Case 3:15-cv-00214-FDW-DSC   Document 83   Filed 12/15/15   Page 6 of 21

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 18, and therefore denies those allegations.

19. The design in its entirety is the essential feature of the mark, no particular color or combination of colors being significant in connection with non-woven textile fabrics.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 19, and therefore denies those allegations.

20. A specimen of goods bearing the Wavy Lines Mark is depicted below:

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 20, and therefore denies those allegations.

21. Plaintiff has used the Wavy Lines Mark for over seventy years on non-woven fabrics, including reusable wipes, and has invested millions of dollars in creating, maintaining, and promoting the goodwill associated with the Wavy Lines Mark. Plaintiff markets and advertises its non-woven fabrics bearing the Wavy Lines Mark through a variety of channels and means, including through direct sales, by regularly exhibiting and offering for sale goods at trade shows attended by members of the textiles industry, such as the National Restaurant Association Trade Show, and through catalogs, brochures, and the Internet.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 21, and therefore denies those allegations.

22. The Wavy Lines Mark is favorably recognized and relied upon, such as within the restaurant industry and among the consumer public, as indicating high-quality non-woven fabrics. As a result of Plaintiff's extensive use, advertising and promotion of the Wavy Lines Mark, the Wavy Lines Mark has attained for Plaintiff substantial goodwill among the purchasing public.

7

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 22, and therefore denies those allegations.

23.     Plaintiff and its related companies sell approximately $10 million per year of nonwoven fabrics bearing the Wavy Lines Mark.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 23, and therefore denies those allegations.

24.     Through Plaintiff's related company, Chicopee, Inc. ("Chicopee"), Plaintiff sells non-woven fabrics bearing the Wavy Lines Mark in a variety of colors, including green-on-white, blue-on-white, red-on-white, and yellow-on-white, for sale to commercial customers. Chicopee sells those goods in product packaging bearing the Chix® trademark. Exhibit A to the First Amended Complaint [Docket No. 13-1] includes depictions of Chix® products bearing the Wavy Lines Mark.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 24, and therefore denies those allegations.

25.     Through Chicopee, Plaintiff also sells non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue, for sale to retail customers. Chicopee sells those goods in product packaging bearing the MIRACLOTH trademark. Exhibit B to the First Amended Complaint [Docket No. 13-2] includes a depiction of MIRACLOTH products bearing the Wavy Lines Mark.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 25, and therefore denies those allegations.

26. Plaintiff also regularly sells large quantities of non-woven fabrics bearing the Wavy Lines Mark to third-parties who package, distribute, and sell the goods in conjunction with other marks. Plaintiff has earned significant revenue from this practice.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 26, and therefore denies those allegations.

27. For example, Plaintiff sells non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue to its customer and authorized user, The Clorox Company. Clorox sells those goods in product packaging bearing the Handi Wipes® trademark. Exhibit C to the First Amended Complaint [Docket No. 13-3] includes depictions of Handi Wipes® products bearing the Wavy Lines Mark.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 27, and therefore denies those allegations.

28. In order to strengthen the Wavy Lines Mark, Plaintiff, through its predecessor-in-interest Johnson & Johnson, applied to register the Wavy Lines Mark with the U.S. Patent and Trademark Office (the "PTO") on June 21, 1972. The PTO approved the application and granted to Johnson & Johnson U.S. Reg. No. 1,175,550 for the Wavy Lines Mark on October 27, 1981, which mark and registration ultimately was assigned to Plaintiff (hereinafter, the '550 Registration). Exhibit D to the First Amended Complaint [Docket No. 13-4] contains a true and correct copy of the certificate for the '550 Registration, available at the PTO website.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 28, and therefore denies those allegations.

29. The '550 Registration is live, subsisting, unrevoked, uncanceled, and incontestable, having been registered and used continuously for more than five years, and

constitutes conclusive evidence that the Wavy Lines Mark is registered and valid, and thus entitled to protection, that Plaintiff owns the Wavy Lines Mark, and that Plaintiff has the exclusive right to use the Mark in commerce. Exhibit E to the First Amended Complaint [Docket No. 13-5] contains a true and correct copy of the PTO's acceptance of the Combined Declaration of Use and Incontestability under Sections 8 & 15 for the '550 Registration, available at the PTO website.

**ANSWER:**   Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 29, and therefore denies those allegations.

30.     By virtue of Plaintiff's extensive use and federal registration of the Wavy Lines Mark, the Defendants are and have been on constructive notice, if not actual notice, of Plaintiff's rights in the Wavy Lines Mark since prior to their adoption and use of infringing "wavy lines" designs for non-woven fabrics.

**ANSWER:**   Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 30, and therefore denies those allegations.

**UNLAWFUL ACTS OF THE DEFENDANTS**

31.     Defendants have been using reproductions, counterfeits, copies and colorable imitations of Plaintiff's registered Wavy Lines Mark in North Carolina and elsewhere in this country, in connection with the advertising, marketing, offering for sale, sale, and distribution of non-woven fabrics bearing a "wavy lines" design and sold under the ARM & HAMMER® brand, as depicted below (hereinafter, the "Infringing Goods"):

**ANSWER:**   Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 31, and therefore denies those allegations.

10

32. On information and belief, Defendant Karmin Industries is a wholly-owned subsidiary of Defendant Karmin Group (hereinafter, collectively, the "Karmin Defendants").

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 32.

33. On information and belief, the Karmin Defendants, or either of them, hold a license from Defendant Church & Dwight for use of the ARM & HAMMER® trademark, including the Infringing Goods. Exhibit F to the First Amended Complaint [Docket No. 13-6] contains a true and correct copy of an excerpt of an ARM & HAMMER® brand product catalog available at the website at the <KARMINGROUP.COM> domain and depicting the Infringing Goods.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 33.

34. On information and belief, the Karmin Defendants, or either of them, and Defendant Church & Dwight exercise joint ownership of control over certain products advertised, marketed, offered for sale, sold, and distributed under the ARM & HAMMER® brand, including the Infringing Goods.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 34.

35. On information and belief, Defendant LaMi has purchased from the Karmin Defendants, or either of them, the Infringing Goods for resale.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 35.

36. On information and belief, Defendant Southeastern Grocers, by and through its subsidiaries Defendants BI-LO, Winn-Dixie and Harveys, has purchased from Defendant LaMi the Infringing Goods for resale, which Infringing Goods Defendants Southeastern Grocers, BILO, Winn-Dixie and Harveys have sold to consumers.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 36.

37. On information and belief, Defendant Boscov's has purchased from the Karmin Defendants, or either of them, the Infringing Goods for resale, which Infringing Goods Defendant Boscov's has sold to consumers.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 37.

38. On information and belief, Defendant Delhaize has purchased from the Karmin Defendants, or either of them, the Infringing Goods for resale, which Infringing Goods Defendant Delhaize has sold to consumers.

**ANSWER:** Denied.

39. On information and belief, Defendant X-S has purchased from the Karmin Defendants, or either of them, the Infringing Goods for resale, which Infringing Goods Defendant X-S has sold to its customers.

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 39.

40. On information and belief, Defendant Regent has purchased from the Karmin Defendants, or either of them, the Infringing Goods for resale, which Infringing Goods Defendant Regent has sold to its customers.

12

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 40.

41. Defendants' use of a "wavy lines" design on the Infringing Goods is a spurious mark that is identical with, or substantially indistinguishable from, Plaintiff's registered Wavy Lines Mark and is done in a manner which is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers and with the intent to infringe Plaintiff's rights.

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 41, and therefore denies those allegations.

42. Based on a comparison of Plaintiff's specimen bearing the registered Wavy Lines Mark as set forth in paragraph 20 and Defendants' Infringing Goods bearing a "wavy line" design as set forth in paragraph 31, the identical nature, or overwhelming similarity, of the goods shows that Defendants have produced counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, Plaintiff's non-woven fabrics bearing the Wavy Lines Mark.

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 42, and therefore denies those allegations.

43. Defendants' use of a "wavy lines" design on the Infringing Goods is without license, consent, authorization, or permission from Plaintiff.

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 43, and therefore denies those allegations.

44.     On information and belief, the significant majority of Defendants' clientele is comprised of retailers and retail consumers. Plaintiff's Wavy Lines Mark also is targeted predominantly to retailers, and ultimately to end-user consumers, such that the Defendants' use in that market channel enhances, rather than detracts, from the likelihood of confusion.

**ANSWER:**     Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 44, and therefore denies those allegations.

45.     By marketing, advertising, offering for sale, selling, and distributing the Infringing Goods, the Defendants intentionally have violated Plaintiff's rights in and to the Wavy Lines Mark and the related registration, and with the knowledge and intention that the use in commerce would cause and is causing confusion, mistake and deception among consumers and potential consumers.

**ANSWER:**     Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 45, and therefore denies those allegations.

46.     Defendants also, in connection with the marketing, advertising, offering for sale, sale and distribution of the Infringing Goods, have caused, are causing and are likely to cause confusion and mistake, and have deceived and are likely to deceive, as to the affiliation, connection, and association of the Defendants with Plaintiff, and as to the origin, sponsorship, and approval of the Defendants' goods.

**ANSWER:**     Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 46, and therefore denies those allegations.

14

## COUNT I:
## INFRINGEMENT OF REGISTERED MARK, 15 U.S.C. § 1114

47.     Plaintiff incorporates by reference paragraphs 1-46 above as if fully set forth herein.

**ANSWER:**  Delhaize hereby incorporates by reference its answers to the above paragraphs as if fully set forth herein.

48.     The acts of the Defendants complained of herein constitute trademark infringement of a mark registered under the Lanham Act, 15 U.S.C. § 1114.

**ANSWER:**  Denied as to Delhaize.  Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 48, and therefore denies those allegations.

49.     The acts of Defendant Church & Dwight complained of herein also constitute vicarious trademark infringement of a mark registered under the Lanham Act, 15 U.S.C. § 1114.

**ANSWER:**  Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 49.

50.     Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

**ANSWER:**  Denied as to Delhaize.  Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 50, and therefore denies those allegations.

## COUNT II:
## UNFAIR COMPETITION, 15 U.S.C. § 1125(a)(1)(A)

51.     Plaintiff incorporates by reference paragraphs 1-46 above as if fully set forth herein.

15

**ANSWER:** Delhaize hereby incorporates by reference its answers to the above paragraphs as if fully set forth herein.

52. The acts of the Defendants complained of herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 52, and therefore denies those allegations.

53. The acts of Defendant Church & Dwight complained of herein also constitute vicarious unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 53.

54. Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 54, and therefore denies those allegations.

**COUNT III:**
**UNFAIR & DECEPTIVE TRADE PRACTICES, N.C.G.S. § 75-1.1 *et seq.***

55. Plaintiff incorporates by reference paragraphs 1-46 above as if fully set forth herein.

**ANSWER:** Delhaize hereby incorporates by reference its answers to the above paragraphs as if fully set forth herein.

56. The acts of the Defendants complained of herein constitute unfair methods of competition in or affecting commerce, and unfair and deceptive acts or practices in or affecting

16

commerce, which proximately have caused actual injury to Plaintiff and its business in this State and elsewhere.

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 56, and therefore denies those allegations.

57. The acts of the Defendants complained of herein have had the tendency to deceive and mislead consumers and created a likelihood of deception with respect to the Defendants' non-woven fabrics bearing a "wavy lines" design, and were performed willfully, wantonly, with the intent to harm Plaintiff and its rights in the registered Wavy Lines Mark, and with the intent to compete unfairly with Plaintiff.

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 57, and therefore denies those allegations.

58. The acts of Defendant Church & Dwight complained of herein also constitute vicarious unfair and deceptive trade practices under N.C.G.S. § 75-1.1 *et seq.*

**ANSWER:** Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 58.

59. Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

**ANSWER:** Denied as to Delhaize. Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 59, and therefore denies those allegations.

## COUNT IV:
## COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

60.     Plaintiff incorporates by reference paragraphs 1-46 above as if fully set forth herein.

**ANSWER:**     Delhaize hereby incorporates by reference its answers to the above paragraphs as if fully set forth herein.

61.     The acts of the Defendants complained of herein constitute unfair competition and trademark infringement of a mark entitled to protection under common law.

**ANSWER:**     Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 61, and therefore denies those allegations.

62.     The acts of Defendant Church & Dwight complained of herein also constitute vicarious unfair competition and vicarious trademark infringement of a mark entitled to protection under common law.

**ANSWER:**     Delhaize lacks knowledge and information sufficient to admit or deny the allegations in paragraph 62.

63.     Plaintiff has been damaged by the acts of each of the Defendants complained of herein.

**ANSWER:**     Denied as to Delhaize.   Delhaize lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 63, and therefore denies those allegations.

18

## ADDITIONAL DEFENSES AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE
(Failure to State a Claim)

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted as against Delhaize and should, therefore, be dismissed.  Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE
(Lack of Standing)

Plaintiff's claims are barred because Plaintiff lacks standing to assert the claims asserted against Delhaize.

### THIRD DEFENSE
(Lack of Privity)

Plaintiff's claims are barred because Plaintiff lacks privity, contractual or otherwise, with Delhaize, which is an improper party to this litigation.

### FOURTH DEFENSE
(Failure of Consideration)

Plaintiff is barred from claiming or recovering any relief on the grounds of failure of consideration.

### RESERVATION AND NON-WAIVER

Delhaize incorporates by reference any and all defenses that may be raised by other defendants in this action and reserves the right to rely on other additional defenses as may become available or apparent during discovery.

### PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Delhaize respectfully prays that this honorable Court:

1. enter judgment against Plaintiff on all claims asserted in its Second Amended Complaint;

19

2.       dismiss with prejudice the present action against Delhaize;

3.       grant reasonable attorneys' fees to Delhaize in accordance with N.C. Gen. Stat. § 75-16.1; and

4.       grant such other and further relief as it deems just and proper.

 This the 15th day of December 2015.

**HUNTON & WILLIAMS LLP**

/s/ Ryan G. Rich\
Frank E. Emory, Jr., N.C. Bar No. 10316\
Ryan G. Rich, N.C. Bar No. 37015\
101 South Tryon Street, Suite 3500\
Charlotte, NC 28280\
(704) 378-4700\
femory@hunton.com\
rrich@hunton.com

Torsten M. Kracht\
2200 Pennsylvania Avenue, NW\
Washington, DC 20037\
(202) 955-1500\
tkracht@hunton.com

*Counsel for Defendant Delhaize America, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2015, I electronically filed the foregoing **ANSWER OF DELHAIZE AMERICA, LLC** with the Clerk of Court using the CM/ECF system and service of same will be accomplished upon the parties in this lawsuit through the notice of Electronic Filing, in accordance with LCvR 5.3.

/s/ Ryan G. Rich
Ryan G. Rich, N.C. Bar No. 37015