UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00214-FDW-DSC

|  |  |
|---|---|
| PGI POLYMER, INC., | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| v. | ) |
| CHURCH & DWIGHT CO., INC., KARMIN GROUP, a/k/a LE GROUPE KARMIN, KARMIN INDUSTRIES, LAMI PRODUCTS, INC., BI-LO, LLC, SOUTHEASTERN GROCERS, LLC, WINN-DIXIE STORES, INC., SAMSON MERGER SUB, LLC, and BOSCOV'S DEPARTMENT STORE, LLC | ) |
| Defendants/Counterclaimants, | ) |
| and | ) |
| DELHAIZE AMERICA, LLC, X-S MERCHANDISE, INC., and REGENT PRODUCTS, INC., | ) |
| Defendants | ) |

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS PRESENTED IN BOSCOV'S DEPARTMENT STORES, LLC ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendant PGI Polymer, Inc. ("PGI Polymer"), answers the counterclaims ("Counterclaims") articulated in Boscov's Department Stores, LLC Answer, Affirmative Defenses and Counterclaims [Docket No. 90] as follows:

1

## THE PARTIES

1. PGI Polymer admits that the Boscov's entity named as a Defendant in this case is a Delaware limited liability company with the address listed in Paragraph 1 of the Counterclaims. Upon information and belief, PGI Polymer states that the proper name of the entity is Boscov's Department Store, LLC, not Boscov's Department Stores, LLC.

2. PGI Polymer admits the allegations in Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3. PGI Polymer admits the allegations in Paragraph 3 of the Counterclaims.

4. PGI Polymer admits the allegations in Paragraph 4 of the Counterclaims.

## BACKGROUND

5. PGI Polymer denies the allegations in Paragraph 5 of the Counterclaims.

6. PGI Polymer interprets the phrase "wavy line design," which appears throughout the Counterclaims, to be referring to the Wavy Lines Mark, which is the subject of PGI Polymer's federal trademark registration U.S. Reg. No. 1,175,550 (the "'550 Registration"). PGI Polymer denies the allegations in Paragraph 6 of the Counterclaims.

7. PGI Polymer denies the allegations in Paragraph 7 of the Counterclaims.

8. In response to the allegations of Paragraph 8 of the Counterclaims, PGI Polymer states that its products and packaging for its non-woven fabrics speak for themselves.

9. PGI Polymer denies the allegations in Paragraph 9 of the Counterclaims.

10. PGI Polymer states that the Wavy Lines Mark is a valid, enforceable, and federally registered trademark and not merely an "alleged" design. PGI Polymer admits that third

2

Case 3:15-cv-00214-FDW-DSC   Document 95   Filed 12/30/15   Page 2 of 9

parties, including Counterclaimant, have used designs similar to or identical to its Wavy Lines Mark. PGI Polymer lacks knowledge or information sufficient to form a belief as to whether such use has occurred "for years by numerous third parties and competitors of PGI," and it therefore denies the same.

11. PGI Polymer admits the allegations in Paragraph 11 of the Counterclaims.

12. PGI Polymer denies the allegations in Paragraph 12 of the Counterclaims.

13. PGI Polymer denies the allegations in Paragraph 13 of the Counterclaims.

14. PGI Polymer denies the allegations in Paragraph 14 of the Counterclaims.

15. In response to the allegations in Paragraph 15 of the Counterclaims, PGI Polymer states that the '822 Patent speaks for itself.

16. PGI Polymer denies the allegations in Paragraph 16 of the Counterclaims.

17. PGI Polymer denies the allegations in Paragraph 17 of the Counterclaims.

18. PGI Polymer denies the allegations in Paragraph 18 of the Counterclaims.

19. PGI Polymer admits that the accused product was sold in packaging bearing the ARM & HAMMER trademark; however, it lacks knowledge or information sufficient to form a belief as to whether the ARM & HAMMER trademark is "famous" as that term is used in the context of trademark law, and it therefore denies the same.

COUNTERCLAIM I

20. PGI Polymer states that no response to Paragraph 20 is required.

21. PGI Polymer rejects Counterclaimant's characterization of this lawsuit and therefore denies the same. It further states that it has commenced this lawsuit claiming, in part,

that Counterclaimant's marketing, advertising, distribution, and sale of certain nonwoven wipes under the ARM & HAMMER brand infringe PGI's rights in the trademark that is the subject of the '550 Registration.

22. PGI Polymer denies the implication in Paragraph 22 of the Counterclaims that it has made any threats to Counterclaimant. It lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Counterclaims and therefore denies the same.

23. PGI Polymer denies the allegations in Paragraph 23 of the Counterclaims.

24. PGI Polymer denies the allegations in Paragraph 24 of the Counterclaims.

25. PGI Polymer denies the allegations in Paragraph 25 of the Counterclaims.

26. PGI Polymer denies the allegations in Paragraph 26 of the Counterclaims.

27. PGI Polymer denies the allegations in Paragraph 27 of the Counterclaims, including the implications that the Wavy Lines Mark lacks strength and that the mark on Counterclaimant's accused products differs from the Wavy Lines Mark.

28. PGI Polymer denies the allegations in Paragraph 28 of the Counterclaims.

29. PGI Polymer denies the allegations in Paragraph 29 of the Counterclaims.

### COUNTERCLAIM II

30. PGI Polymer states that no response to Paragraph 30 is required.

31. PGI Polymer denies the allegations in Paragraph 31 of the Counterclaims.

32. PGI Polymer denies the allegations in Paragraph 32 of the Counterclaims, including the implication that the Wavy Lines Mark is merely an "alleged" design instead of a valid, enforceable, and federally registered trademark.

33. PGI Polymer states that its Wavy Lines Mark is a valid, enforceable, and federally registered trademark and not merely an alleged design. It further states that third parties have used the Wavy Lines Mark without PGI Polymer's license, authorization, or control; however, it lacks knowledge and information sufficient to form a belief as to whether "many" third parties have done so, and it therefore denies the same.

34. PGI Polymer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35. PGI Polymer denies the allegations in Paragraph 35 of the Counterclaims.

36. PGI Polymer denies the allegations in Paragraph 36 of the Counterclaims.

37. PGI Polymer denies the allegations in Paragraph 37 of the Counterclaims.

38. PGI Polymer denies the allegations in Paragraph 38 of the Counterclaims and notes that it has been vigilant in pursuing instances of infringement of the Wavy Lines Mark as confirmed by this lawsuit brought against Counterclaimant.

39. PGI Polymer denies the allegations in Paragraph 39 of the Counterclaims.

40. PGI Polymer denies the allegations in Paragraph 40 of the Counterclaims, including the implication that there are any "utilitarian and/or functional benefits of" the Wavy Lines Mark.

41. PGI Polymer denies the allegations in Paragraph 41 of the Counterclaims and states that the Wavy Lines Mark is a valid, enforceable, and federally registered trademark, not merely an "alleged design."

42. PGI Polymer denies the allegations in Paragraph 42 of the Counterclaims and states that the Wavy Lines Mark is a valid, enforceable, and federally registered trademark, not merely an "alleged design."

43. PGI Polymer denies the allegations in Paragraph 43 of the Counterclaims.

44. PGI Polymer states that it cannot "begin or resume use" of the Wavy Lines Mark because use of the Wavy Lines Mark in commerce in the United States has been continuous for over 70 years. PGI Polymer denies any allegation or implication in Paragraph 44 that PGI Polymer is not currently using the Wavy Lines Mark.

45. PGI Polymer denies the allegations in Paragraph 45 of the Counterclaims.

46. PGI Polymer denies the allegations in Paragraph 46 of the Counterclaims.

47. PGI Polymer denies the allegations in Paragraph 47 of the Counterclaims and states that it has trademark rights in the Wavy Lines Mark and not merely "purported" rights.

### COUNTERCLAIM III

48. PGI Polymer states that no response to Paragraph 48 is required.

49. PGI Polymer admits that Counterclaimant seeks cancellation of the '550 Registration, but it denies that any relief may be granted upon Counterclaim III.

50. PGI Polymer denies the allegations in Paragraph 50 of the Counterclaims.

51. In response to the allegations in Paragraph 51 of the Counterclaims, PGI Polymer states that the statute speaks for itself.

52. In response to the allegations in Paragraph 52 of the Counterclaims, PGI Polymer states that the statute speaks for itself.

53. In response to the allegations in Paragraph 53 of the Counterclaims, PGI Polymer states that the statute speaks for itself.

54. In response to the allegations in Paragraph 54 of the Counterclaims, PGI Polymer states that the statute speaks for itself.

55. In response to the allegations in Paragraph 55 of the Counterclaims, PGI Polymer states that the statute speaks for itself.

56. PGI Polymer denies the allegations in Paragraph 56 of the Counterclaims.

57. PGI Polymer denies the allegations in Paragraph 57 of the Counterclaims.

58. PGI Polymer denies each and every allegation of the Counterclaims not specifically admitted herein.

59. PGI Polymer denies that Counterclaimant is entitled to any of the relief it seeks.

### DEFENSES AND AFFIRMATIVE DEFENSES

PGI Polymer also asserts the following defenses and affirmative defenses in response to the Counterclaims:

1. Counterclaimant fail to state a claim upon which relief can be granted.

2. The Counterclaims are barred, in whole or in part, by Counterclaimant's unclean hands.

3. The Counterclaims are barred, in whole or in part, by the doctrine of laches.

4. The Counterclaims are barred, in whole or in part, because Counterclaimant will not suffer any injury or damage from the continued registration of Plaintiff's trademark.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff/Counterclaim Defendant PGI Polymer, Inc., hereby demands a jury trial as to all issues so triable.

Respectfully submitted,

Dated: December 30, 2015

s/ Jason M. Sneed
Jason M. Sneed, Esq. (NC Bar No. 29593)
Sarah C. Hsia, Esq. (admitted *pro hac vice*)
SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
Tel.: 844-763-3347
Email: JSneed@SneedLegal.com
Sarah@SneedLegal.com

*Attorneys for Plaintiff PGI Polymer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2015, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system. Service of the same on Defendants Church & Dwight Co., Inc., Karmin Group, Karmin Industries, LaMi Products, Inc., BI-LO, LLC, Southeastern Grocers, LLC, Delhaize America, LLC, Samson Merger Sub, LLC, Boscov's Department Store, LLC, and Winn-Dixie Stores, Inc., will be accomplished through the Notice of Electronic Filing, in accordance with LCvR 5.3.

I further certify that a copy of this Answer is being sent by U.S. Mail for service on X-S Merchandise, Inc. at the following address:

Jeffrey Kuykendal
McAngus Goudelock & Courie
6302 Fairview Road Ste. 700
Charlotte, NC 28210-2267

*Counsel for X-S Merchandise, Inc.*

I further certify that a copy of this Answer will be served on Regent Products concurrently with service of the Second Amended Complaint.

s/ Jason M. Sneed
Jason M. Sneed, Esq. (NC Bar No. 29593)
SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
Tel.: 844-763-3347
Email: JSneed@SneedLegal.com

*An attorney for Plaintiff PGI Polymer, Inc.*