UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PGI POLYMER, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC. et al.<br><br>                Defendants/Counterclaim Plaintiffs. | Civil Action No.:<br>3:15-CV-0214<br>(FDW)(DSC) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO REDACT AND FILE UNDER SEAL PURSUANT TO LcvR 6.1

Defendants BI-LO, LLC, Boscov's Department Store, LLC, Church & Dwight Co., Inc., Delhaize America, LLC, Karmin Group, Karmin Industries, LaMi Products, Inc., Samson Merger Sub, LLC, Southeastern Grocers, LLC, Winn-Dixie Stores, Inc., X-S Merchandise, Inc. submit this Memorandum in Support of their Motion to file documents under seal pursuant to LcvR 6.1. Defendants specifically seek to file under seal all documents which contain the following information:

1. Documents and/or information marked as "Confidential" or "Highly-Confidential-Attorneys' Eyes Only" by Plaintiff pursuant to the Stipulated Protective Order. DE 76;

2. Declarations of non-parties regarding their business activities, including their sales figures pertaining to non-woven wipes;

3. Documents and/or information pertaining to the sales numbers of any party.

All of the above-referenced items contain confidential business information, or are documents designated as confidential by parties other than Defendants. The information

designated as confidential by Defendants is proprietary and should not be disclosed on the public record. Such disclosure would provide Defendants' proprietary information directly to Defendants' competitors. To the best of Defendants' knowledge, this information is not publicly available. As set forth in greater detail below, the right of the disclosing party(ies) to maintain the confidentiality of their respective proprietary information outweighs any potential right of access held by the public at large. As such, Defendants respectfully request the Court order the above-identified documents and/or information to be filed under seal.

## ARGUMENT

It is well settled that a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The documents that Defendants seek to file under seal contain confidential and proprietary commercial information or information designated as confidential by someone other than Defendants. This information is not generally available to the public and does not bare importance to any public matters. Public disclosure of the information contained in these documents might place the disclosing party at a disadvantage with respect to its existing and potential competitors, who would gain access to customer, pricing, marketing and strategic information. Disclosure might also place the non-parties at a disadvantage with respect to existing and potential competitors and suppliers, who would gain access to its purchasing information. Moreover, some of the documents and information sought to be filed under seal was produced pursuant by the parties and designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order (DE 76), and disclosure could constitute a breach of Paragraphs 9 and 10 thereof.

Generally, such information and documents have warranted protection from public access. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598, 98 S.Ct.1306, 55 L.Ed. 2d 570 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581-82 (E.D. Va. 2009) ("[M]any courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them."); *Wolfe v. Green*, 2010 U.S. Dist. LEXIS 132929, at *2 (S.D. W. Va. 15 Dec. 2010) (holding that First Amendment right of access overriden with respect to proposed redactions that included personal financial information). There is *de minimis*, if any, legitimate public interest in the information and documents sought to be filed under seal.

In addition to the right of public access, the Court must consider the legal standard set out by the Fourth Circuit in *In re Knight Publ'g Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984), in determining whether it is appropriate to order the sealing of documents. *Knight* provides that before entering an order to seal, a district court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Id.* (cited by *Ashcraft*, 218 F.3d at 302).

The filing of the instant Motion satisfies the first *Knight* factor. Local Rule LcvR 6.1(e) specifically provides: "No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C)." In this case, the parties were actively engaged

3

in discovery until Friday, February 26, 2016. DE 106. As per the Court's Order, dispositive motions must be filed on or before March 4, 2016. DE 77. Defendants promptly filed the present motion upon completion of discovery, thereby providing interested parties with as much time to object as possible, given the schedule of events. Moreover, to the extent any other parties, intervenors, and non-parties object to these documents and information being filed under seal, they may intervene at a later date to challenge the sealing order, or scope thereof.

In furtherance of the second factor, Defendants will take reasonable steps to redact select documents, where particularly sensitive information can be redacted without destroying the meaning of the entire document, in order to ensure that only limited categories of documents need be kept from public viewing. Unredacted versions of these documents will be filed with the Court under seal. However, for other documents which are entirely comprised of confidential, proprietary information, redaction alone would not be appropriate. There are no less drastic alternatives to sealing the aforementioned documents. Redacting the information from these documents is not a viable option.

The foregoing factual representations and legal authority support sealing these documents and satisfy the third factor.

As such, the Court is well within the bounds of the law to grant Defendants' request to have these documents sealed and/or redacted.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Motion to Redact and File Under Seal.

This the 2nd day of March, 2016

Respectfully submitted,

**COLLEN IP**

/s/ Jeffrey A. Lindenbaum
Jeffrey A. Lindenbaum
*Admitted Pro Hac Vice*
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Telephone: (914) 941 5668
Facsimile: (914) 941-6091
E-mail: jlindenbaum@collenip.com

**TREGO, HINES & LADENHEIM, PLLC**

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Telephone: 704-599-8911
Facsimile: 704-599-8719
E-mail:mjl@thlip.com
*Counsel for Defendants/Counterclaim Plaintiffs*

CERTIFICATE OF SERVICE AND WORD-LIMIT COMPLIANCE

I hereby certify that on March 2, 2016, I electronically filed the foregoing "Memorandum of Law in Support of Defendants' Joint Motion to Redact and File Under Seal Pursuant to LCvR 6.1" with the Clerk of Court using the CM/ECF system. Service of the same on Plaintiff will be accomplished through the Notice of Electronic Filing, in accordance with LCvR 5.3.

Pursuant to Section 3(b)(iv) of the Initial Scheduling Order and Paragraph 3(c)(i) of the Case Management Order, and subject to Fed. R. Civ. P. 11, I further certify that the foregoing memoranda of law complies with the limitation of 3,000 words.

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Telephone: 704-599-8911
Facsimile: 704-599-8719
E-mail:mjl@thlip.com
*Counsel for Defendants/Counterclaim Plaintiffs*